FILED
CLERK
1/12/2018 11:43 am
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
JOSEPH MALONEY,

               Plaintiff,            **MEMORANDUM OF**
                                                  **DECISION & ORDER**
        -against-                 16-cv-3899 (ADS)

NANCY A. BERRYHILL, *Acting Commissioner of Social Security*,

               Defendant.
----------------------------------------------------------X

**APPEARANCES:**

**Olinsky Law Group**
*Attorneys for the Plaintiff*
300 South State St
Suite 420
Syracuse, NY 13202
        By:    Howard D. Olinsky, Esq., Of Counsel

**United States Attorney's Office for the Eastern District of New York**
*Attorneys for the Defendant*
271 Cadman Plaza East
Brooklyn, NY 11201
        By:    Matthew Silverman, Assistant United States Attorney

**SPATT, District Judge**:

        The Plaintiff Joseph Maloney (the "Plaintiff") commenced this this civil action pursuant to the Social Security Act, 42 U.S.C. § 405 *et seq.* (the "Act"), challenging a final determination by the Defendant, Nancy A. Berryhill (the "Defendant" or the "Commissioner"), the acting commissioner of the Social Security Administration (the "Administration") at the time of filing, that she is ineligible to receive Social Security disability insurance benefits.

Presently before the Court are the parties' cross motions, pursuant to Federal Rule of Civil Procedure ("FED. R. CIV. P." or "Rule") 12(c) for a judgment on the pleadings. For the reasons that follow, the Plaintiff's motion is granted, and the Commissioner's motion is denied.

## I. BACKGROUND

On April 8, 2013, the Plaintiff applied for Title II Social Security disability insurance benefits, alleging that he had been disabled since November 1, 2011 due to anxiety, bipolar depression, sleep apnea, a knee impairment, gout, and high blood pressure.

On June 25, 2013, his claim was denied, and the Plaintiff requested a hearing thereafter.

On July 23, 2014, Administrative Law Judge Brian J. Crawley (the "ALJ") conducted a hearing, during which the Plaintiff was represented by counsel. The ALJ issued a written opinion on July 23, 2014 denying the Plaintiff's claim for benefits.

On October 7, 2014, the Plaintiff requested that the Appeals Council review the ALJ's decision. In support of his petition for review, he supplied further evidence to the Appeals Council. The Appeals Council denied the Plaintiff's request for review on May 9, 2016, at which point the ALJ's decision became the final decision of the Commissioner.

The Plaintiff commenced this action on July 13, 2016, and filed the instant motion for a judgment on the pleadings on February 9, 2017. The Plaintiff contends that the Appeals Council erred in failing to consider new and material evidence supporting remand; and that the ALJ erred in failing to account for the Plaintiff's obesity and gout and his decision is therefore not supported by substantial evidence.

For purposes of these motions, familiarity with the underlying administrative record is presumed. The Court's discussion of the evidence will be limited to the specific challenges presently raised by the Plaintiff. In this regard, references to the record are denoted as "R."

## II. DISCUSSION

### A. The Applicable Law

While the Act was amended effective March 27, 2017, the Court reviews the ALJ's decision under the earlier regulations because the Plaintiff's application was filed before the new regulations went into effect. *See Lowry v. Astrue*, 474 F. App'x 801, 805 n.2 (2d Cir. 2012) (applying and referencing version of regulation in effect when ALJ adjudicated plaintiff's claim); *see also Michael Barca, Plaintiff, v. Comm'r of Soc. Sec., Defendant.*, No. 2:16-CV-187, 2017 WL 3396416, at *8 (D. Vt. Aug. 8, 2017) (applying the regulations in effect when the plaintiff filed his application); *Alvarez v. Comm'r of Soc. Sec.*, No. 14CV3542(MKB), 2015 WL 5657389, at *11 n.26 (E.D.N.Y. Sept. 23, 2015) ("[T]he Court considers the ALJ's decision in light of the regulation in effect at the time of the decision." (citing *Lowry*, 474 F. App'x at 805 n.2));

The Act defines the term "disability" to mean an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." *Burgess v. Astrue*, 537 F.3d 117, 119 (2d Cir. 2008) (quoting 42 U.S.C. § 423(d)(1)(A)) (quotation marks omitted). In addition, "[t]he impairment must be of 'such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.'" *Shaw v. Chater,* 221 F.3d 126, 131–32 (2d Cir. 2000) (quoting 42 U.S.C. § 423(d)(2)(A)).

In determining whether a claimant is disabled, the Commissioner is required to apply the five-step sequential process set forth in 20 C.F.R. § 404.1520. *Rosa v. Callahan,* 168 F.3d 72, 77 (2d Cir. 1999). The claimant bears the burden of proving the first four steps, but then the burden shifts to the Commission at the fifth step. *Rosa,* 168 F.3d at 77. First, the Commissioner considers

whether the claimant is presently working in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i); *Rosa,* 168 F.3d at 77. If the claimant is not so engaged, the Commissioner next considers whether the claimant has a "severe impairment" that significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(ii); *Rosa,* 168 F.3d at 77. If the severity requirement is met, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment that is listed in Appendix 1 of the regulations, or is equal to a listed impairment. 20 C.F.R. § 404.1520(a)(4)(iii); 20 C.F.R. Part 404, Subpart P, Appendix 1; *Rosa,* 168 F.3d at 77. If the claimant has such an impairment, there will be a finding of disability. If not, the fourth inquiry is to determine whether, despite the claimant's severe impairment, the claimant's residual functional capacity allows the claimant to perform his or her past work. 20 C.F.R. § 404.1520(a)(4)(iv); *Rosa,* 168 F.3d at 77. Finally, if a claimant is unable to perform past work, the Commissioner then determines whether there is other work, such as "light work" discussed *infra,* that the claimant could perform, taking into account, *inter alia,* the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v); *Rosa,* 168 F.3d at 77.

**B. The Standard of Review**

"Judicial review of the denial of disability benefits is narrow" and "[t]he Court will set aside the Commissioner's conclusions only if they are not supported by substantial evidence in the record as a whole or are based on an erroneous legal standard." *Koffsky v. Apfel*, 26 F. Supp. 475, 478 (E.D.N.Y. Nov. 16, 1998) (Spatt, J.) (citing *Bubnis v. Apfel*, 150 F.3d 177, 181 (2d Cir. 1998)).

Thus, "the reviewing court does not decide the case *de novo.*" *Pereira v. Astrue*, 279 F.R.D. 201, 205 (E.D.N.Y. 2010). Rather, "the findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive," *id.*, and therefore, the relevant question is not

"whether there is substantial evidence to support the [claimant's] view"; instead, the Court "must decide whether substantial evidence supports *the ALJ's decision.*" *Bonet v. Colvin*, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original). In this way, the "substantial evidence" standard is "very deferential" to the Commissioner, and allows courts to reject the ALJ's findings "only if a reasonable factfinder would *have to conclude otherwise.*" *Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (quoting *Warren v. Shalala*, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)). This deferential standard applies not only to factual determinations, but also to inferences and conclusions drawn from such facts." *Pena v. Barnhart*, No. 01-cv-502, 2002 U.S. Dist. LEXIS 21427, at *20 (S.D.N.Y. Oct. 29, 2002) (citing *Levine v. Gardner*, 360 F.2d 727, 730 (2d Cir. 1966)).

In this context, "[s]ubstantial evidence means 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Burgess*, 537 F.3d at 128 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)). An ALJ's findings may properly rest on substantial evidence even where he or she fails to "recite every piece of evidence that contributed to the decision, so long as the record 'permits [the Court] to glean the rationale of [his or her] decision.'" *Cichocki v. Astrue*, 729 F.3d 172, 178 n.3 (2d Cir. 2013) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983)). This remains true "even if contrary evidence exists." *Mackey v. Barnhart*, 306 F. Supp. 337, 340 (E.D.N.Y. 2004) (citing *DeChirico v. Callahan*, 134 F.3d 1177, 1182 (2d Cir. 1998), for the proposition that an ALJ's decision may be affirmed where there is substantial evidence for both sides).

The Court is prohibited from substituting its own judgment for that of the Commissioner, even if it might justifiably have reached a different result upon a *de novo* review. *See Koffsky*, 26 F. Supp. at 478 (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991)).

## C. Application to the Facts

### 1. As to whether the Appeals Council Erred in Failing to Consider New Evidence from the Plaintiff's Treating Physician

#### a. The New Evidence Submitted to the Appeals Council

When the Plaintiff requested a review of the ALJ's decision by the Appeals Council, he provided treatment records and a medical source statement dated March 31, 2015 from his treating physician, Dr. Karan Kumar ("Dr. Kumar"), a psychiatrist. Dr. Kumar began treating the Plaintiff on July 11, 2013.

The Plaintiff supplied Dr. Kumar's treatment records from June 2014 through December 2014 to the appeals council. Throughout the time during which Dr. Kumar treated him, the Plaintiff took Klonopin, Effexor, and Lithium. In June and July of 2014, Dr. Kumar noted that the Plaintiff exhibited depressed mood and anxiety; organized thought process; fair judgment; and fair attention span and concentration. During the monthly examinations from August 2014 through December 2014, Dr. Kumar found that although the Plaintiff was depressed and anxious, he had good insight, judgment and attention/concentration; intact memory; normal appearance, motor activity, perception, and flow of thought; and appropriate dress, and behavior. In late 2014, Dr. Kumar found that the Plaintiff had depression mood swings with his insomnia, and some anxiety at night.

In his medical source statement dated March 31, 2015, Dr. Kumar said that he had treated the Plaintiff once a month with psychotropic medication management and therapy. He noted that the Plaintiff displayed an depressed mood and anxious affect. He assessed a guarded prognosis for the Plaintiff's bipolar disorder.

Dr. Kumar opined that the Plaintiff would be unable to meet competitive standards in his abilities to: understand and remember detailed instructions; carry out detailed instructions; set

6

realistic goals or make plans independently of others; deal with stress of semiskilled and skilled work; perform at a consistent pace without an unreasonable number and length of rest periods; get along with co-workers or peers without unduly distracting them or exhibiting behavioral extremes; respond appropriately to changes in a routine work setting; deal with normal work stress; and be aware of normal hazards and take appropriate precautions.

He believed that the Plaintiff abilities were limited but satisfactory in adhering to basic standards of neatness and cleanliness; traveling to unfamiliar places; using public transportation; remembering work-like procedures; understanding and remembering very simple instructions; carrying out very short and simple instructions; maintaining attention for two hours segments; maintaining regular attendance and being punctual within customary, usually strict tolerances; and asking simple questions or requesting assistance.

Dr. Kumar noted that in his opinion, the Plaintiff was seriously limited but not precluded from interacting socially with the general public; maintaining socially appropriate behavior; sustaining an ordinary routine without special supervision; working in coordination or proximity to others without being unduly distracted; making simple work-related decisions; completing a normal workday and workweek without interruptions from psychologically based symptoms; and accepting instructions and responding appropriately to criticism from supervisors.

Dr. Kumar identified several symptoms of bipolar disorder including disorientation to time and place; perceptual or thinking disturbances; motor tension; flight of ideas; and deeply ingrained maladaptive patterns of behavior. He reported that the Plaintiff would require four or more absences per month due to his impairments.

Dr. Kumar replied "yes" to the question "[h]as your patient's impairment lasted or can it be expected to last at least twelve months?" Finally, he noted that the Plaintiff cannot manage benefits in his own best interest.

In denying the Plaintiff's request for review of the ALJ's decision, the appeals council stated that it:

> looked at a medical source statement dated March 31, 2015, completed by Karan Kumar, M.D., and treatment notes from Dr. Kumar, covering a period beginning January 7, 2015 through April 1, 2015. The Administrative Law Judge decided your case through September 5, 2014. This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before September 5, 2014.

(R. at 2). Despite the fact that the preceding paragraph only mentions the treatment records from January through April 2015, the Appeals Council stated that it "considered . . . the additional evidence listed on the enclosed Order of Appeals Council." (Id.). The "AC Exhibits List" includes "treatment notes of Karan Kumar, M.D., covering a period beginning June 17, 2014, through December 10, 2014." (R. at 5).

### b. The Relevant Law

Under 20 C.F.R. §§ 404.970(b) and 416.1470(b), a claimant may submit new evidence to the Appeals Council if it is "new," "material," and "relates to the period on or before the [ALJ's] hearing decision." In order to qualify as "material" evidence, the new evidence submitted to the appeals council must be "both (1) relevant to the claimant's condition during the time period for which benefits were denied and (2) probative. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently." *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004) (quoting *Tirado v. Bowen,* 842 F.2d 595, 597 (2d Cir. 1988) (internal quotation marks omitted)).

8

If the Appeals Council denies review of the ALJ's decision, the new evidence "becomes part of the administrative record for judicial review." *See Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996).

### c. Application to the Facts

The Plaintiff argues that the medical source statement, though it was made after the relevant period, gave a retrospective opinion that the Appeals Council should have considered. Furthermore, the Plaintiff states that the treatment records both before and after the ALJ's decision support Dr. Kumar's opinion. In opposition, the Government contends that the Appeals Council did not err in failing to consider the evidence provided by the Plaintiff because the medical source statement was made six months after the relevant period; and because the medical records from the relevant period were cumulative and did not create a reasonable possibility that the Commissioner would have decided the Plaintiff's application differently. The Court finds that the Appeals Council erred in failing to consider Dr. Kumar's retrospective opinion.

Although Dr. Kumar's medical opinion was given almost seven months after the ALJ's decision, in the Court's opinion, it was a retrospective opinion that spoke to the Plaintiff's condition during the relevant period. Dr. Kumar had treated the Plaintiff for almost two years, and his treatment notes after the relevant period mirror his notes from the relevant period. Therefore, he was able to state whether the Plaintiff's impairment had lasted at least twelve months, and he said just that. Accordingly, it constituted a retrospective opinion.

The Second Circuit has repeatedly held that retrospective opinions from treating physicians can and should be considered by the Commissioner when it is based upon medically accepted clinical diagnostic techniques. *See Shaw*, 221 F.3d at 133 (finding that the district court improperly rejected a treating physician's retrospective opinion); *Perez,* 77 F.3d at 48 ("A treating physician's

9

retrospective opinion may be probative when based upon clinically acceptable diagnostic techniques and not contradicted by the other medical evidence." (internal citation omitted)); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 862 (2d Cir. 1990) (reversing the Secretary's finding of no disability when no medical opinion in evidence contradicted one doctor's retrospective diagnosis finding a disability); *Dousewicz v. Harris*, 646 F.2d 771, 774 (2d Cir. 1981) ("The courts have held that the treating-physician rule applies to retrospective diagnoses. . . . A diagnosis of a claimant's condition may properly be made even several years after the actual onset of the impairment." (internal citations, quotation marks, and alterations omitted)).

In fact, courts have found that such retrospective opinions should be given controlling weight where "no medical opinion in evidence contradict[s][a] doctor's retrospective diagnosis finding a disability." *Rivera v. Sullivan*, 923 F.2d 964, 968 (2d Cir. 1991); *see also Campbell v. Barnhart,* 178 F. Supp. 2d 123, 134–35 (D. Conn. 2001) (holding that the retrospective opinion of a doctor who is currently treating a claimant is "entitled to significant weight" even though the doctor did not treat the claimant during the relevant period); *Gercke v. Chater,* 907 F. Supp. 51, 52 (E.D.N.Y. 1995) (holding that, "[e]ven if the treating physician's opinion is retrospective, the opinion is binding on the ALJ unless contradicted by other medical evidence or overwhelmingly compelling non-medical evidence").

While that is not the case here because Dr. Kumar's opinion was contradicted by two other medical opinions, "such a diagnosis must be evaluated in terms of whether it is predicated upon medically accepted clinical diagnostic techniques and whether considered in light of the entire record, it establishes the existence of a[n] . . . impairment" before the requisite onset date. *Dousewicz,* 646 F.2d at 775. There is no dispute that Dr. Kumar's opinion was based on medically

accepted clinical diagnostic techniques, but the Appeals Council failed to evaluate the opinion in light of the entire record.

In sum, the case law shows that a retrospective opinion of a treating physician is highly probative, and the mere fact that it was made months after the relevant period is insufficient reason to disregard it. Therefore, the Appeals Council improperly disregarded Dr. Kumar's opinion, and the case must be remanded for the ALJ to consider this relevant medical opinion of the Plaintiff's treating physician.

While the Commissioner now argues that the Appeals Council properly rejected it because it did not create a reasonable possibility that the ALJ would have decided the case differently, the Court disagrees, and notes that the Appeals Council did not give that reason for rejecting Dr. Kumar's opinion. A reviewing court "may not accept appellate counsel's post hoc rationalizations for agency action." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (quoting *Burlington Truck Lines, Inc. v. United States,* 371 U.S. 156, 168, 83 S. Ct. 239, 9 L. Ed. 2d 207 (1962)).

Dr. Kumar was the Plaintiff's treating physician, and his treatment notes supported his medical opinion. While his opinion was contradicted by the opinions of Dr. Herman, the state consultative psychiatric examiner, and Dr. Lopez, the state agency psychological consultant, Dr. Kumar's opinion creates a reasonable possibility that the ALJ would have decided the case differently because treating physician's opinions are afforded controlling weight when they are supported by substantial evidence. *See* 20 C.F.R. § 404.1527(c)(2) (stating that controlling weight must be given to "a treating source's medical opinion on the issue(s) of the nature and severity" of the claimant's impairments if the medical opinion is "well supported by . . . other substantial evidence . . . .").

Therefore, the Appeals Council improperly rejected the retrospective opinion of Dr. Kumar. The case must be remanded back to the Commissioner because the Appeals Council failed to consider this new and material evidence, and because weight must be afforded to the medical opinion of Dr. Kumar, the Plaintiff's treating physician. *See Wilbon v. Colvin*, No. 15-CV-756-FPG, 2016 WL 5402702, at *5 (W.D.N.Y. Sept. 28, 2016) (stating that if the Appeals Council fails to consider material evidence relating to the relevant time period, "the proper course for the reviewing court is to remand for reconsideration in light of the new evidence." (quoting *McIntire v. Astrue*, 809 F. Supp. 2d 13, 21 (D. Conn. 2010) (citing *Milano v. Apfel,* 98 F. Supp. 2d 209, 216 (D. Conn. 2000))); *Seifried ex rel. A.A.B. v. Comm'r of Soc. Sec.*, No. 6:13-CV-0347 LEK/TWD, 2014 WL 4828191, at *4–5 (N.D.N.Y. Sept. 29, 2014) (same); *Randazzo v. Barnhart*, 332 F. Supp. 2d 517, 521 (E.D.N.Y. 2004) (Spatt, J.) (stating that documents that were not considered by the Commissioner can only be analyzed "as a basis for remand"); *see also Snell*, 177 F.3d at 133 ("Failure to provide good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand." (quoting *Schaal v. Apfel,* 134 F.3d 496, 505 (2d Cir. 1998) (internal quotation marks omitted))); *Schaal*, 134 F.3d at 504 ("[O]n this record, we cannot say with certainty what weight should be assigned . . . to the opinion of plaintiff's treating physician, or whether further clarification of the record with these regulations in mind might alter the weighing of the evidence."); *Sutherland v. Barnhart*, 322 F.Supp.2d 282, 289 (E.D.N.Y. 2004) ("It is not the place of the district court to weigh the credibility of complex, contradictory evidence, or reconsider anew whether the claimant is disabled." (citing *Schaal,* 134 F.3d at 500)).

For the same reasons, the Court need not address the Plaintiff's second contention, that the ALJ's RFC determination was not supported by substantial evidence. As the case is being remanded for further administrative proceedings, the ALJ will necessarily have to reassess the

Plaintiff's RFC in light of Dr. Kumar's retrospective opinion, which he did not have when he issued his initial decision. *See Staib v. Colvin*, 254 F. Supp. 3d 405, 409 (E.D.N.Y. 2017) (Spatt, J.) ("Because the record before the ALJ was so deficient and flawed, the Court cannot engage in any meaningful analysis of whether he correctly applied the treating physician rule, whether his decision is supported by substantial evidence, or whether he properly weighed the Plaintiff's credibility." (collecting cases)).

Accordingly, the Plaintiff's motion for a judgment on the pleadings pursuant to Rule 12(c) is granted.

### III. CONCLUSION

For the reasons stated above, the Plaintiff's motion for a judgment on the pleadings pursuant to Rule 12(c) is granted, and the Commissioner's motion for a judgment on the pleadings pursuant to Rule 12(c) is denied. This matter is remanded back to the Commissioner for administrative proceedings consistent with this opinion. On remand, the ALJ is to consider the evidence that was erroneously rejected by the Appeals Council.

The Clerk of the Court is respectfully directed to close this case.

**SO ORDERED:**

Dated: Central Islip, New York

January 12, 2018

_____/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge