UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

JOSEPH MALONEY,

                               Plaintiff,                          **REPORT &**
                                                                            **RECOMMENDATION**
                                                                             CV 16-3899 (ADS) (GRB)
     -against-

ANDREW M. SAUL,
Commissioner of Social Security,

                               Defendant.

-----------------------------------------------------------------X

**GARY R. BROWN, United States Magistrate Judge:**

       Presently before the undersigned, on referral from the Honorable Arthur D. Spatt, is a motion for attorney's fees filed by Howard D. Olinskey, Esq., counsel to plaintiff Joseph Maloney ("plaintiff"), pursuant to Section 206(b)(1) of the Social Security Act, 42 U.S.C. § 406(b)(1). DE 32. The Commissioner of Social Security (hereinafter the "Commissioner") has submitted a letter in opposition. DE 34. For the reasons that follow, the undersigned respectfully recommends that the motion be denied.

## BACKGROUND

       Plaintiff Joseph Maloney ("plaintiff") commenced this civil action on July 13, 2016, pursuant to the Social Security Act, 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner,[1] which denied his application for disability insurance benefits.

---

[1] The Court notes that plaintiff originally named Nancy A. Berryhill, the Acting Commissioner of Social Security at the time of filing, as the defendant in this action. On June 17, 2019, Andrew M. Saul was sworn in as Commissioner of Social Security. Pursuant to Fed. R. Civ. P. 25(d), Commissioner Andrew M. Saul is automatically substituted for Acting Commissioner Berryhill. *See* Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an

DE 1.  On February 9, 2017, plaintiff moved for judgment on the pleadings, DE 14, and on May 19, 2017, the Commissioner cross-moved for judgment on the pleadings. DE 20.  By Memorandum of Decision and Order dated January 12, 2018, the district court granted plaintiff's motion and remanded the case to the Commissioner for further administrative proceedings.  DE 26.  On April 12, 2018, the district court issued a stipulated Order under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412,  awarding plaintiff attorney's fees and expenses in the amount of $5,660.00 for 34.2 hours of work expended in this case at the district court level.   DE 28-31; *see also* DE 33 ¶ 5.

On remand, the ALJ found plaintiff disabled within the meaning of the Social Security Act.  DE 33-2.  By Notice of Award dated April 4, 2019 – a date that proves critical herein -- the Commissioner granted plaintiff disability benefits for past due benefits in the amount of $79,384. DE 33 ¶ 4, Ex. B.  In addition the Commissioner withheld $19,846.00, twenty-five percent of the past-due benefits awarded,[2] pending a decision on any application for fees by plaintiff's attorney. *Id.* at 6.  Mr. Olinskey was not the administration level attorney.  DE 33 ¶ 5.  Plaintiff's administrative level representative recently filed a fee petition in the amount of $6,000 under 42 U.S.C. § 406(a), which is currently pending.  *Id.*

On August 9, 2019, four months after the Notice of Award was issued, Mr. Olinskey filed

---

official capacity dies, resigns, or otherwise ceases to hold office while the action is pending.  The officer's successor is automatically substituted as a party"); *see also* 45 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

[2] Plaintiff entered into a contingency fee arrangement with his attorney which stated that the attorney shall charge and receive as the fee an amount equal to twenty-five percent of the past due benefits awarded to plaintiff and his family if he prevailed at the Federal Court level.  DE 33 ¶ 3, Ex. A.

the instant motion pursuant to 42 U.S.C. § 406(b), seeking the remaining $13,846.00 from the amount withheld for potential attorney's fees. *Id.* at ¶ 7. Mr. Olinskey has made clear that should the Court award a § 406(b) fee in excess of the EAJA award, he would refund plaintiff the EAJA award previously paid in the amount of $5,660.00. *Id.* at ¶ 8. The Commissioner opposes the application on timeliness grounds.[3]

## DISCUSSION

Pursuant to 42 U.S.C. § 406(b), a court may award reasonable attorney's fees to a successful claimant's attorney

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b); *see Gisbrecht v. Barnhart,* 535 U.S. 789, 807 (2002).

Section 406(b) does not set forth a time limitation for filing fee applications, and until recently, the law in the Second Circuit was unsettled as to when a fee application must be made in relation to the award of past-due benefits. *See Sinkler v. Berryhill,* 305 F. Supp. 3d 448, 451 (W.D.N.Y. 2018) (observing that some district courts applied Fed. R. Civ. P. 54(d)(2)(B)'s fourteen-day filing period for post-judgment claims for attorney's fees while other courts relied on Rule 60(b)(6)'s "catch-all provision" to require only that the motion be filed within a reasonable time) (collecting cases)). However, in a decision issued August 2, 2019, the Second Circuit made clear that Section 406(b) motions must be filed fourteen days after the claimant receives notice of the Commissioner's favorable award on remand, consistent with Fed. R. Civ.

---

[3] Although the Commissioner has no direct financial stake in Section 406(b) matters, he plays a role in the fee determination "resembling that of a trustee for the claimants." *Gisbrecht v. Barnhart,* 535 U.S. 789, 798 n.6 (2002).

3

P. 54(d)(2)(B) and equitable tolling principles. *Sinkler v. Berryhill,* 932 F.3d 83, 85 (2d Cir. 2019) (joining the Third, Fifth and Eleventh Circuits in finding that Rule 54(d)(2)(B) provides the applicable limitations period for filing Section 406(b) motions).

The Court explained that the "fourteen-day limitations period is not absolute." *Id.* at 89. "[D]istrict courts are empowered to enlarge that filing period where circumstances warrant" because Rule 54(d)(2)(B) expressly provides that the 14-day period applies "[u]less a . . . court order provides otherwise." *Id.* at 89-90 ("[W]here, as here, the rule itself affords courts the discretion to alter a specified filing time, we will generally defer to a district court in deciding when such an alteration is appropriate in a particular case as, for example, when a party needs more time to assemble and file the administrative record").

Here, plaintiff's counsel received the Notice of Award from the Social Security Administration on April 10, 2019, six days after the date of the award, *see Olinskey* Aff., dated August 9, 2019, ¶ 4, DE 33, Ex. B, which is the controlling date within which to begin the 14-day period to file a motion for attorney's fees under Section 406(b). Plaintiff's counsel waited four months before filing the instant application. *See* DE 32. Notably, plaintiff's motion was filed one week after the Second Circuit's decision in *Sinkler v. Berryhill,* 932 F.3d 83, 85 (2d Cir. 2019), and plaintiff's counsel's law firm, Olinsky Law Group, represented plaintiff-appellant Lakisha Janey Sinkler in the *Sinkler* decision. Plaintiff's counsel has failed, however, to provide any explanation or factual basis to justify the delay in filing the motion. *See Sinkler,* 932 F.3d at 88 (concluding that "[i]nsofar as plaintiff claims that a lack of notice as to the application of Rule 54 to § 406(b) motions warrants review of her filing under a more lenient reasonableness standard, the argument fails because the record is devoid of any facts demonstrating that plaintiff's sixth-month filing delay was reasonable"). Under these

4

circumstances, there is no basis for an enlargement of the filing period – as none has been proffered -- and therefore the Section 406(b) motion is untimely.

Accordingly, the undersigned respectfully recommends that plaintiff's motion for attorney fees under Section 406(b) be denied.

## CONCLUSION

For the foregoing reasons, the undersigned respectfully recommends that plaintiff's Section 406(b) motion for attorney's fees be denied.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel for each of the parties. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.** *Mejia v. Roma Cleaning, Inc.,* No. 17-3446, 2018 WL 4847199, at *1 (2d Cir. Oct. 5, 2018) ("Plaintiff has waived any objections to the Magistrate's finding" by failing to timely object); *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision."); *cf. Thomas v. Arn*, 474 U.S. 140, 145 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under *de novo* or any other standard, when neither party objects to those findings."). This is particularly true, where, as here, a party has been "warned of

the consequences of not objecting to the Magistrate's findings." *Meija,* 2018 WL 4847199, at *1.

Dated: Central Islip, New York
January 6, 2020

                                             /s/ Gary R. Brown
                                             GARY R. BROWN